IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| DaQuan R. Johnson, | C/A No.: 8:25-cv-1630-SAL-WSB |
| Plaintiff, | |
| v. | **ORDER** |
| Michelle Dube, Eric Ramos, Lisa Young, Brandon Stewart, Ron Lawrenz, | |
| Defendants. | |

Plaintiff DaQuan R. Johnson, proceeding pro se and in forma pauperis, filed this Amended

Complaint against the named defendants. ECF No. 11. This matter is before the court for review

of the Report and Recommendation of Magistrate Judge William S. Brown (the "Report"), ECF

No. 17, recommending that this case be summarily dismissed as to Defendants Dube, Ramos, and

Lawrenz. Plaintiff filed objections to the Report. ECF No. 20. For the reasons that follow, the court

adopts the Report, overrules Plaintiff's objections, and summarily dismisses this case as to

Defendants Dube, Ramos, and Lawrenz.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with this

court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any

party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023)

(citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo

determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo

review, an objecting party must object with sufficient specificity to reasonably alert the district

1

court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

The Report summarizes the relevant facts and standards of law, and the court incorporates that discussion without a full recitation here. The magistrate judge recommends summary dismissal because Plaintiff fails to allege sufficient facts to support a claim against Defendants Dube, Ramos, and Lawrenz in their individual capacity or on the basis of supervisory liability. The court agrees with the magistrate judge's assessment.

Although Plaintiff's Amended Complaint must be liberally construed, Plaintiff fails to allege sufficient facts to support a finding that Defendants Dube, Ramos, or Lawrenz were personally involved in the deprivation of his rights, as is required to state a § 1983 claim against them in their individual capacities as supervisors. *See* ECF No. 17 at 8 (citing *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Plaintiff's only claim with respect to these Defendants is that they knew of the alleged abuse and failed to take proper corrective action. ECF No. 11 at 6–8. As such, Plaintiff does not allege that these Defendants "had personal knowledge of *and involvement in* the alleged deprivation of [his] rights . . . ." *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (emphasis added). The claims against Defendants Dube, Ramos, and Lawrenz in their individual capacities should therefore be dismissed.

Plaintiff also fails to state a claim against these Defendants in their official capacities as supervisors at the facility where Plaintiff is detained. *See* ECF No. 17 at 7–8. As noted in the Report, Plaintiff's allegations with respect to Dube, Ramos, and Lawrenz are largely cursory. *Id.* While Plaintiff alleges these Defendants had knowledge of his alleged abuse, he does not allege that their response to such abuse reflects "deliberate indifference or tacit authorization" of the abuse. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). Deliberate indifference requires the plaintiff to allege facts demonstrating "continued inaction in the face of documented widespread abuses." *Id.* (citations omitted). Plaintiff makes no such claim and instead attempts to rely upon only his own alleged abuse to demonstrate deliberate indifference.[1] Furthermore, Plaintiff fails to allege any facts tending to show an "affirmative causal link" between these Defendants' inaction and the particular constitutional injury he allegedly suffered. *Id.* (citations

---

[1] The plaintiff "cannot satisfy his burden of proof by pointing to a single incident or isolated incidents, for a supervisor cannot be expected to promulgate rules and procedures covering every conceivable occurrence within the area of his responsibilities." *Shaw*, 13 F.3d at 799.

3

omitted). Plaintiff's claims against Defendants Dube, Ramos, and Lawrenz in their official capacities should thus be dismissed.

Plaintiff directs this court to *Bryant v. McGinnis*, 463 F. Supp. 373 (W.D.N.Y. 1978), which, in his view, stands for the proposition that "a commissioner could be liable for failing to create policies." ECF No. 20 at 2. However, *Bryant* involved the failure to promulgate *new* regulations that would enable Muslim inmates to practice their religion after previous regulations were found unconstitutional. *Bryant*, 463 F. Supp. at 378. Additionally, the portion cited by Plaintiff concerned a failure to promulgate new regulations in the face of a court order to do so. *See id.* at 387–88. Plaintiff makes no allegation that Defendants Dube, Ramos, and Lawrenz were under any judicial mandate to create new policies. Therefore, *Bryant* is inapposite, and Plaintiff's objection on this basis is overruled.

Plaintiff also cites *Gilbert v. Selsky*, 867 F. Supp. 159 (S.D.N.Y. 1994), arguing that a director of inmate discipline may be liable for failing to adequately train disciplinary hearing officers. But *Gilbert* found personal involvement by the supervisors based on the *complete* failure to train subordinates, not on allegedly inadequate training. *Id.* at 166. As such, *Gilbert* does not support Plaintiff's position, and his objection on this ground is overruled.

Plaintiff's remaining objections largely restate the allegations in his Amended Complaint. To the extent these require a de novo review, the court has already explained why it agrees with and adopts the reasoning of the magistrate judge. To the extent the remaining objections are general objections, they do not require de novo review by this court. *See Elijah*, 66 F.4th at 460 ("'Just as a complaint stating only "I complain" states no claim, and objection stating only "I object" preserves no issue for review.'" (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). The court finds no clear error in the Report, and Plaintiff's objections are thus overruled.

**CONCLUSION**

There is no clear error in the Report. Further, after a de novo review of the Report, the applicable law, and the record of this case, the court overrules Plaintiff's objections and adopts and incorporates the Report. ECF No. 17. Accordingly, the claims against Defendants Dube, Ramos, and Lawrenz are **SUMMARILY DISMISSED** without prejudice and without issuance and service of process. This matter remains referred to the magistrate judge as it relates to the remaining defendants.

**IT IS SO ORDERED.**

October 14, 2025                                     Sherri A. Lydon
Columbia, South Carolina                             United States District Judge