IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DaQuan R. Johnson,<br><br>  Plaintiff,<br><br>v.<br><br>Lisa Young and Brandon Stewart,<br><br>  Defendants. | Case No.: 8:25-cv-1630-SAL<br><br><br>**ORDER** |

  DaQuan R. Johnson, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983. Before the court is Lisa Young and Brandon Stewart's (collectively "Defendants") motion for summary judgment. [ECF No. 33.] Also before the court are Johnson's motions for additional discovery. [ECF Nos. 45, 45-1.] The court denies Johnson's motions and grants summary judgment for Defendants.

## I. Background

  Johnson is a resident of the South Carolina Sexually Violent Predator Treatment Program. [ECF No. 33 at 1.] He alleges that between July and August 2024, he was improperly restricted to a "finger-food" only diet, was denied nutrition, and was forcibly medicated. [ECF No. 42 at 3.] Johnson claims these actions constitute violations of his due process rights, emotional abuse, and "patient abuse." *Id.* For relief, he seeks an unspecified amount of actual and punitive damages. *Id.*

  United States Magistrate Judge William S. Brown, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(4) (D.S.C.), issued a Report and Recommendation ("Report"), recommending Defendants' motion for summary judgment be granted.[1] [ECF No. 42.] Johnson

---

[1] Johnson's motions for additional discovery were filed after the Report was issued and therefore were not addressed by the magistrate judge.

1

filed objections to the Report. [ECF Nos. 44, 49]

## II. Legal Standards

### A. Review of a Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* In the absence of *specific* objections this court is not required to give any explanation for adopting the recommendation. *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009). That said, the Fourth Circuit has instructed district courts that *pro se* filings, "however unskillfully pleaded, must be liberally construed." *Noble v. Barnet*, 24 F.3d 582, 587 (4th Cir. 1994).

### B. Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of proving to the court that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party asserting that a fact is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

### III. Analysis

The magistrate judge found that each of Johnson's claims failed as a matter of law. [ECF No. 42.] Johnson opposes summary judgment and generally objects to the Report in its entirety.[2] [ECF Nos. 44, 49.] Because Johnson's objections reference each claim, the court reviews them de novo.

---

[2] Although difficult to follow at times, Johnson appears to argue that: Defendants are not entitled to qualified immunity, that Stewart should be found liable for Johnson's constitutional claims, that facility staff should have better managed Stewart's behavior, and that the Report overlooks several relevant facts. *See* ECF No. 44 ¶¶ 1–6; ECF No. 49 at 2–4. Accordingly, Johnson maintains his position that summary judgment is inappropriate and that his claims should proceed to trial.

### A. Conditions of Confinement

Involuntarily committed mental patients, such as Johnson, retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions. *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). Due process requires that the conditions and duration of confinement bear some reasonable relationship to the purpose of the commitment. *See Seling v. Young*, 531 U.S. 250, 265 (2001); *Youngberg*, 457 U.S. at 324.

A civilly committed individual most closely resembles the custody status of a pretrial detainee. *Treece v. McGill*, C/A No. 3:08-cv-3909-DCN-JRM, 2010 WL 3781695, at *4 (D.S.C. Sep. 21, 2010). The Fourth Circuit has explicitly borrowed from the pretrial-detainee context the standard for constitutionally impermissible punishment and applied it to those civilly committed. *Frye v. Wilson*, C/A No. 3:22-cv-536, 2024 WL 3905816, at *6 (E.D. Va. Aug. 22, 2024). Thus, civilly committed individuals are also entitled to due process protections in connection with any punishment imposed on them. *Christian v. Magill*, 724 F. App'x 185, 188 (4th Cir. 2018).

A pretrial detainee's § 1983 claims are evaluated under the Fourteenth Amendment, not the Eighth Amendment, which governs conditions-of-confinement claims brought by individuals who have been convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). That said, the due process rights of a pretrial detainee are at least as great as the protections available to a convicted prisoner under the Eighth Amendment. *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988). Accordingly, conditions that would violate the Eighth Amendment necessarily violate the Fourteenth Amendment. *See Youngberg*, 457 U.S. at 315–16.

A deliberate indifference claim based on conditions of confinement requires a plaintiff to show (1) an objectively serious deprivation of a basic human need and (2) objectively unreasonable

conduct by the defendant in light of the known or obvious risk. *Hammock v. Watts*, 146 F.4th 349, 360 (4th Cir. 2025); *Short v. Hartman*, 87 F.4th 593, 608–12 (4th Cir. 2023).

### B. Dietary Restriction

Johnson alleges Young tried to make him eat out of her "hands like an animal" and told him he would be treated like one.[3] [ECF No. 42 at 11.] Defendants contend Johnson was placed on a "finger-food" diet due to continued threats of self-harm, threats to staff, and destruction of his room. [ECF No. 33 at 2.] Taking his allegations as true, the magistrate judge found Johnson failed to demonstrate a constitutional violation where the relevant standard requires consideration of prison officials' professional judgment. [ECF No. 42 at 11–14.] While Johnson objects to this conclusion, the court agrees that summary judgment is proper for this claim.

When evaluating the constitutional rights of civilly committed individuals, courts must balance the individual's liberty interests against the state's interests and afford deference to the professional judgment of institutional staff. *Kollyns v. Chavez*, C/A No. 3:05-cv-3022-JFA-JR, 2006 WL 2459484, at *2 (D.S.C. Aug. 23, 2006). A professional's decision is presumptively valid, and liability may be imposed only when the decision "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Youngberg*, 457 U.S. at 323. Deference to professionals ensures that federal courts do not unnecessarily interfere with the internal operations of state institutions. *Id.* at 322.

---

[3] Johnson argues that other members of facility staff were present when these comments were made and asks for permission to subpoena those staff members. [ECF No. 45 at 1.] Because these comments are not dispositive as to whether Johnson's dietary restrictions were constitutionally permissible, the court denies Johnson's subpoena request. The court finds summary judgment is proper even after accepting Johnson's allegations as true.

5

Here, Defendants have presented evidence supporting legitimate safety-based reasons for Johnson's dietary restrictions: self-harm, threats to team members, and destruction of facility property. [ECF No. 33 at 7.] Johnson, in both his opposition to summary judgment and subsequent objections, has failed to provide evidence that his dietary restrictions constituted a "substantial departure" from accepted professional judgment, practices, or standards. Further, courts have consistently held that finger-food diets temporarily imposed for safety or suicide-prevention reasons do not violate constitutional rights. *See, e.g.*, *Young-God v. Lyou*, C/A No. 3:23-cv-00273-SLG, 2024 WL 1348653, at *4 (D. Alaska Mar. 29, 2024) (finding no constitutional violation where "[t]he alleged 'finger food' diet challenged by Plaintiff appears to have been implemented as part of [the prison's] 'Full Suicide Protocol' for his own protection"); *Payne v. Orton*, C/A No. 1:14-cv-00144, 2016 WL 5404635, at *1 (M.D. Tenn. Sept. 27, 2016) (finding no constitutional violation where an inmate was placed temporarily on a finger food only diet to prevent his access to utensils after making threats to himself); *Annabel v. Michigan Dep't of Corr.*, C/A No. 1:16-cv-543, 2018 WL 3455407, at *20 (W.D. Mich. July 18, 2018) (finding the plaintiff's complaints that he was restricted to "finger food and foodloaf on a number of occasions while he was on suicide watch" insufficient to establish a constitutional claim). Accordingly, summary judgment is proper for this claim.

### C. Destruction of Food

Johnson further alleges that Stewart twice destroyed his meals by throwing them against the wall and stomping on them.[4] [ECF No. 11 at 6–7.] Although Stewart's behavior was

---

[4] Johnson claims video evidence shows that Stewart's report regarding the altercation is false. [ECF No. 45-1 at 1.] However, even excluding Stewart's report, the court still finds that summary judgment is proper. The court denies Johnson's video submission request.

inappropriate and unprofessional, the record shows that facility staff promptly intervened and ensured Johnson received a replacement meal. *See* ECF No. 33-1 at 2; ECF No. 33-3.

Prisoners have a right to "nutritionally adequate food, prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975, 986 (4th Cir. 1985). Under some circumstances inadequate, unsanitary food service can be sufficiently serious to satisfy the objective element of an Eighth Amendment claim. *Hammock*, 146 F.4th at 361. In those instances, a plaintiff must allege "serious medical deterioration" attributable to the challenged conditions. *Id.* Courts will consider the length of time and the amount of food deprived in considering whether an inmate's constitutional rights have been violated. *King v. McPherson*, C/A No. 0:15-cv-2358-RBH, 2017 WL 490111, at *7 (D.S.C. Feb. 6, 2017).

The court agrees with the magistrate judge that Johnson has not shown a sufficiently serious deprivation to establish a claim for deliberate indifference. The temporary delay Johnson experienced is insufficient to establish a serious deprivation under the Fourteenth Amendment. *See, e.g.*, *Dennis v. Torrez*, C/A No. 5:22-cv-00057-MR, 2022 WL 2292980, at *4 (W.D.N.C. June 24, 2022) ("[D]enial of food for eight hours, under the circumstances alleged, does not constitute a deprivation sufficient to support a Fourteenth Amendment violation."); *Jemison v. Deboo*, C/A No. 1:11-cv-47, 2011 WL 10604777, at *6 (N.D.W. Va. Dec. 7, 2011) ("Plaintiff's complaint regarding being denied food, water and access to a toilet for six hours does not rise to the level of a constitutional violation."). Summary judgment is therefore proper on this claim.

### D. Forced Medication

Johnson alleges he was forcibly medicated but does not allege that either Young or Stewart personally administered or ordered the injections. [ECF No. 11 at 7.]

7

8:25-cv-01630-SAL     Date Filed 01/21/26     Entry Number 55     Page 8 of 8

To prevail on a claim under § 1983, a plaintiff must demonstrate the personal involvement by defendants in the alleged violation. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977). Although Johnson claims Defendants incited the behavior which led to his medication, such allegations are too attenuated for a successful constitutional claim. *See Beall v. Maryland*, C/A No. GJH-15-cv-2180, 2016 WL 4512718, at *6 (D. Md. Aug. 22, 2016) (dismissing forced medication claim where plaintiff failed to show the defendant was involved in the administration of the medication). Because Johnson has failed to demonstrate Defendants' personal involvement in the alleged forced medication, his claim fails as a matter of law, and summary judgment is warranted.[5]

### IV.    Conclusion

After a thorough review of the Report, the applicable law, and the record of this case, the court finds no clear error in the Report. Additionally, the court reviewed de novo the parts of the Report to which Johnson objected. The court hereby **ADOPTS** the Report and Recommendation, ECF No. 42. As a result, Defendants' motion for summary judgment, ECF No. 33, is **GRANTED**. Johnson's constitutional claims fail as a matter of law and are therefore dismissed **WITH PREJUDICE**. For these same reasons, Johnson's motions for additional discovery, ECF Nos. 45, 45-1, are **DENIED**.

**IT IS SO ORDERED.**

January 21, 2026                                         Sherri A. Lydon
Columbia, South Carolina                         United States District Judge

---

[5] Because the court finds Johnson fails to raise a genuine issue of material fact for his constitutional claims, the court does not address the magistrate judge's findings regarding qualified immunity.

8